IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil No. 5:10CV167-V

| | | |
|---|---|---|
| **CHARLES E. KIMBROUGH,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER OF REMAND** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Commissioner of the Social Security Administration, has moved this Court, pursuant to sentence four of 42 U.S.C.§ 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings. 11Upon remand, the Administrative Law Judge ("ALJ") will be instructed to do the following: (1) assess the severity of Plaintiff's depressive disorder consistent with the requirements of 20 C.F.R. §§ 404.1520a, 416.920a. In doing so, the ALJ will consider the treatment and opinion of Dr. Peters and the treatment of Dr. Chinn. If necessary and available, the ALJ may consider ordering a consultative examination to assess the severity and functional impact of Plaintiff's mental impairment; (2) consider the medical source opinion of Dr. Yuan and explain the weight given to such opinion; (3) further consider the medical source opinion of Dr. Bradford, the treating physician, and consistent with Social Security Ruling ("SSR") 96-2p, provide good reasons for the weight given to such opinion; (4) reassess Plaintiff's credibility consistent with 20 C.F.R. §§ 404.1529, 416.929 and SSR 96-7p; and (5) if

1

necessary, proceed through the sequential evaluation process and obtain vocational expert testimony. Before relying on such testimony, the ALJ should ensure that such testimony is in response to a hypothetical that accurately reflects all of the limitations ultimately assessed by the ALJ. The ALJ will also be instructed to comply with the procedures outlined in SSR 00-4p.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's assented to request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). The plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney fees under EAJA in this matter.

Signed: November 22, 2011

Richard L. Voorhees
United States District Judge